FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 22 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

DOV SEGAL

CLASS ACTION
COMPLAINT

Plaintiff,

CV 10- 0794

-against-

ACCRETIVE HEALTH, INC.

DEARIE, CH. J

Defendant.
-----------------------------------------------------------------

AZRACK, M.J.

**COMPLAINT FOR VIOLATIONS
OF THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.  This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.  This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.  Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District. Additionally, Plaintiff resides in this District.

4.  Plaintiff is a resident of the State of New York.

1

5. Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the defendant, sought to collect from Plaintiff is a consumer debt.

6. Upon information and belief, defendant is a corporation with offices in South Carolina and caused the collection letter complained of herein to be sent within the county of Queens, State of New York.

7. Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8. Defendant is a "Debt Collector" as that term is defined by § 1692(a)(6) of the FDCPA.

9. Plaintiff received direct communications from defendant in the form of an initial written notice, dated January 8, 2010. Attached as Exhibit A is a copy of the collection letter.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of Plaintiff and all consumers and their successors in interest (the "Class") who have received debt collection notices and/or letters from the defendant as of one year prior to the filing of Plaintiff's complaint until the present, which were sent to addresses located within the City of New York during the time in which the defendant was not licensed as a collection agency within the City of New York. Excluded from the Class are the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant,

including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

11.     This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

12.     The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices from the defendant, which violate various provisions of the FDCPA.

13.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.     Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

    b.     Whether Plaintiff and the Class have been injured by the defendant's conduct; and

    c.     Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

14.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

15.     Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

16. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

18. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

20. Upon information and belief, the collection letter is a form letter sent by defendant to the Plaintiff.

21. Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22. Defendants violated § 1692e more specifically sections 1692e(5) and 1692e(10) by using false and deceptive means in connection with the collection of the debt, namely, by attempting to collect debts within the city of New York without proper legal authority.

WHEREFORE, Plaintiff respectfully request that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representatives;

b) Awarding Plaintiff and the class statutory damages;

c) Awarding Plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

d) Awarding Plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
February 18, 2010

Plaintiff request trial by jury on all issues so triable.

Lawrence Katz
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile (516) 706-2404

5

Exhibit A

**Medical Financial Solutions**
A division of ACCRETIVE HEALTH

Account: ▓▓▓▓▓▓▓
Amount Due: ▓▓▓▓▓
Date of Service: ▓▓▓▓▓

Dear DOV SEGAL;

You have an account with ST JOHN PROVIDENCE (MICHIGAN) that is seriously past due. This balance of $806.25 has been outstanding for quite some time and the hospital would like to bring this matter to a conclusion. They have now referred your account to Medical Financial Solutions to contact you and determine how we can settle this matter.

I am willing to explore a range of options to bring this to a conclusion. I will take any reasonable offer to the hospital for consideration. In the event you fail to contact Medical Financial Solutions within the next 30 days and close out your account, we will have no choice but to pursue all legal avenues in the collection of this debt.

*This communication is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days of receiving this notice that you dispute the validity of the debt, or any portion thereof, we will assume the debt to be valid. If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, we will provide verification of this debt via U.S. mail service.*

Please call me at 866-249-2094 or remit payment using the payment coupon below.

Sincerely;
John Monteith
Patient Financial Advisor
866-249-2094
Date of Letter: January 08, 2010

Medical Financial Solutions
*Office Hours (EST): Mon. to Thurs. 8:00am to 9:00pm; Fri 8:00am to 4:30pm; Sa 9:00am to 1:00pm*
Send Correspondance to: PO Box 50868, Kalamazoo, MI. 49005

**Please see reverse side for additional information.**   To ensure proper credit, detach bottom portion and return in the enclosed envelope.

DIMFS01-A

1   1994

**Medical Financial Solutions**
A division of ACCRETIVE HEALTH

PO Box 50868
Kalamazoo, MI. 49005

☐ VISA   ☐ MasterCard   ☐ [Discover]   ☐ ▓▓▓

Card Number_____ V-Code_____
Print Name_____ Amt. Paid_____
Signature_____ Exp. Date_____

| DUE DATE | AMOUNT DUE | ACCOUNT # |
|---|---|---|
| Upon Receipt | ▓▓▓▓▓ | ▓▓▓▓▓▓▓ |

☐ *Please check box and make address or insurance changes on reverse side.

ADDRESSEE:   MAKE CHECKS PAYABLE AND REMIT TO:

DOV SEGAL
▓▓▓▓▓▓▓▓
FAR ROCKAWAY NY 11691-1807

St. John Providence Hospital
Box # 773156
3156 Solutions Center
Chicago, IL 60677-3001

0000000101007731560000000000007764849100000806259